JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Christopher Valentine
100 McKinley Ave, #2
Lansdowne, PA 19050

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Linda M. Lopez, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 215-944-6123

**DEFENDANTS**
Reliastar Life Insurance Company
250 Marquette Ave, Suite 900
Minneapolis, MN 55401

County of Residence of First Listed Defendant: Hennepin
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
29 U.S.C. § 1002(2)(A).

Brief description of cause:
ERISA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE ______ DOCKET NUMBER ______

DATE: 11/19/2026

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| | : | CIVIL ACTION |
| Christopher Valentine | : | |
| v. | : | |
| Reliastar Life Insurance Company, et al | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X )

| | | |
|---|---|---|
| 11/19/2026 | Linda M. Lopez, Esq. | Plaintiff, Christopher Valentine |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-944-6123 | 215-944-6126 | Linda L@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 100 McKinley Ave, #2, Lansdowne, PA 19050

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER VALENTINE,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO.** |
| **v.** | : | |
| | : | |
| **RELIASTAR LIFE INSURANCE COMPANY,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **RYAN SPECIALTY, LLC,** | : | |
| | : | |
| **Defendants.** | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, CHRISTOPHER VALENTINE, by and through his attorney, Linda M. Lopez, Esq. of the Law Offices of Eric A. Shore, P.C., as and for his Complaint against Defendants, RELIASTAR LIFE INSURANCE COMPANY and RYAN SPECIALTY, LLC, hereby avers as follows:

## PARTIES

1. Plaintiff, CHRISTOPHER VALENTINE (hereinafter "Plaintiff"), was and still is a citizen of Pennsylvania, residing in Lansdowne, Pennsylvania.

2. Defendant, RELIASTAR LIFE INSURANCE COMPANY (hereinafter "Defendant ReliaStar"), has an office at 250 Marquette Avenue, Suite 900, Minneapolis, Minnesota 55401.

3. Defendant, RYAN SPECIALTY, LLC (hereinafter "Defendant Ryan Specialty"),

has an office at 180 N. Stetson Avenue, Suite 4600, Chicago, Illinois 60601.

## JURISDICTION

4. Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. § 1331 because this action arises under 29 U.S.C. § 1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

5. Venue in the Eastern District of Pennsylvania is appropriate because Defendants conduct business and are subject to personal jurisdiction in the judicial district and maintain contacts in the judicial district sufficient to subject each to personal jurisdiction.

6. Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the Eastern District of Pennsylvania.

## FACTS

7. At all times hereinafter mentioned, Plaintiff was employed as a Senior Accountant for Defendant Ryan Specialty, and at all times was a participant and/or beneficiary under Defendant ReliaStar and Defendant Ryan Specialty's (hereinafter collectively referred to as "Defendants") Long Term Disability ("LTD") plan.

8. Plaintiff had a strong work history working for Defendant Ryan Specialty prior to filing for LTD insurance benefits.

9. The LTD plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(2)(A).

10. At all times material herein, Defendants controlled, made and/or participated in making all benefits decisions under the LTD plan.

11. During Plaintiff's employment with Defendant Ryan Specialty, Defendant

ReliaStar issued a long term group disability income policy (hereinafter the "Policy").

12. At all times hereinafter mentioned, said Policy of insurance was issued for the benefit of certain eligible employees in exchange for the payment of premiums by Defendant Ryan Specialty and/or its employees.

13. At all times mentioned herein, Plaintiff was and is an employee eligible for long term disability benefits as an insured under the Policy.

14. Said Policy provided, among other things, that disability insurance benefit payments will be made to Plaintiff in the event that he becomes disabled as a result of injury or sickness. Under the Policy,

> "You are considered disabled when we review your claim and determine that, due to your sickness or injury, both of the following are true:
>
> - You are unable to perform all the material and substantial duties of your regular occupation.
> - You have a 20% or more loss in your indexed monthly earnings.
>
> After the regular occupation period, you are considered disabled when we review your claim and determine that, due to your sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably qualified based on your training, education and experience."

15. Plaintiff stopped working on or about October 7, 2022.

16. Plaintiff then applied for LTD benefits under the Policy.

17. By letter dated April 19, 2023, Defendant ReliaStar notified Plaintiff that his claim for LTD benefits was denied.

18. Plaintiff submitted a timely written appeal of that adverse determination.

19. By letter dated November 27, 2023, Defendant ReliaStar issued a final administrative denial of Plaintiff's claim for LTD benefits.

20. As of October 7, 2022, Plaintiff's LTD coverage was in full force and effect and Plaintiff was an eligible employee.

21. From October 7, 2022 to the present, Plaintiff has been disabled within the meaning and pursuant to the terms of the Policy as he is unable to perform, on a sustained basis, either his own or any reasonable occupation, as those terms are defined in the subject Policy.

22. Plaintiff's disability is caused by complications, impairments and symptoms of a disability as a result of sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering him disabled as defined under the terms of the Policy.

23. Plaintiff cooperated with Defendants in all respects, provided proper proof of loss in support of his claim, and otherwise complied with the terms and conditions of the Policy regarding the filing and maintenance of the claim.

24. Pursuant to the Policy, Defendants have been obligated to pay periodic payment of monthly long term disability benefits to Plaintiff since October 7, 2022.

25. Despite Plaintiff's continued total disability, Defendants have denied LTD insurance benefit payments to Plaintiff since October 7, 2022, and continue to refuse to pay said benefits pursuant to the Policy although payment thereof has been duly demanded.

26. Said refusal on the part of Defendants is a willful and wrongful breach of the Policy's terms and conditions.

27. Defendant ReliaStar afforded little weight to the opinions of Plaintiff's treating physicians who clearly opined that he has continuously been unable to work since October 7, 2022, due to his disabling conditions and complications from his impairments and medical conditions.

28. Defendant ReliaStar's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and, as such, constitutes a breach of fiduciary duty.

29. Defendant ReliaStar's unreasonable and unsupported denial of Plaintiff's disability insurance benefits is evidenced by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical and mental conditions and limitations on his ability to perform the duties of his regular occupation or any occupation; the refusal to properly consider objective medical evidence substantiating Plaintiff's conditions and their resulting limitations; the refusal to consider Plaintiff's credible subjective complaints about his inability to work; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the biased and flawed vocational consideration on Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling.

30. Defendant ReliaStar's claim handling resulted in numerous violations of 29 C.F.R. § 2560.503-1 et. seq.

31. Defendant ReliaStar's claim handling failed to provide Plaintiff with a full and fair review of his claim.

32. Defendant ReliaStar's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendants financial situation and frustrated Plaintiff from receiving a full and fair review of his claim.

33. Plaintiff has attempted to exhaust and/or has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

34. By reason of the foregoing claims conduct, Defendants failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the

merits of his claim pursuant to 29 C.F.R. § 2560.503(1).

35. Because Defendants failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503(1), Defendants' adverse benefit determination is not entitled to any judicial deference.

36. Defendants willfully failed to comply with ERISA regulations.

37. Monthly disability insurance benefit payments to Plaintiff are continuing to be due and payable by Defendants with the passage of each month.

38. Plaintiff is entitled to receive the total benefits through the maximum duration of the plan discounted to present value, due to Defendants' arbitrary and capricious decision to deny Plaintiff's benefits.

39. Plaintiff is entitled to receive, in addition to the benefits due under the plan of insurance, reimbursement for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. 1132(g).

**WHEREFORE,** Plaintiff, Christopher Valentine, demands judgment in his favor and against Defendants, jointly and severally, for:

A. Payment of all benefits in arrears due and owing since the denial of benefits, plus interest;

B. The total benefits through the maximum duration of the plan discounted to present value;

C. In the alternative to the relief, in part or whole, sought in paragraphs A and B, an order remanding Plaintiff's claim to the Claims Administrator, pursuant to 29 U.S.C. § 1132(a)(3), to the extent any new facts or submissions are to be considered;

D. Attorneys' fees and costs of suit;

E. Interest and delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

By: Linda Lopez

Linda M. Lopez, Esq.
Attorney I.D. No. 203391
LAW OFFICES OF ERIC A. SHORE, P.C.
1500 John F. Kennedy Blvd, Suite 1240
Philadelphia, PA 19102
(215) 627-9999
*Attorney for Plaintiff, Christopher Valentine*

Date: 11/19/2026